United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Gold Star Retail LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 26-11678-NMG |
| National Urgent Care Holdings, Inc., et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion to remand of plaintiff Gold Star Retail, LLC ("plaintiff" or "Gold Star"). For the following reasons, that motion will be allowed, in part, and denied, in part.

I.   **Background**

On February 25, 2026, plaintiff filed its First Amended Complaint in Massachusetts Superior Court, Worcester County.  On February 27, 2026, summonses and the complaint were served upon defendants National Urgent Care Holdings, Inc. and VHS Acquisition Subsidiary No. 7, Inc. d/b/a St. Vincent's Hospital (collectively, "defendants").

The parties agreed upon an extension of time to April 10, 2026, for defendants to file a responsive pleading.  Defendants filed a notice of removal on April 10, 2026, and removed the

-1-

action to this Court.  Plaintiff filed the pending motion to remand on April 28, 2026, on the ground that defendants' removal was untimely.  It also seeks attorneys' fees pursuant to 28 U.S.C. §1447(c).

## II.  **Motion to Remand**

A defendant in a state court action may remove a case to a federal court that has original jurisdiction over the claims. See 28 U.S.C. §1441.  A notice of removal must be filed within 30 days of the defendant receiving notice of the complaint. §1446(b)(1).  Attorneys' fees may be awarded upon remand only where the removing party lacked any objectively reasonable basis for removal. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)

Defendants' removal was untimely in this case.  Because defendants were served on February 27, 2026, notice of removal had to have been filed no later than March 30, 2026.  Defendants point out that the First Circuit Court of Appeals has not addressed the question of whether an agreed-upon extension of time to file responsive pleadings affects the 30-day removal deadline under §1446(b)(1), but the record in this case makes it clear that the agreement between the parties did not contemplate an extension of the removal deadline.  Notwithstanding the belated filing, plaintiff has not shown that defendants lacked

-2-

any objectively reasonable basis for removal and the request for attorneys' fees will therefore be denied.

### ORDER

For the forgoing reasons, the motion (Docket No. 4) is, with respect to remanding this case to state court, **ALLOWED**, but, with respect to the awarding of attorneys' fees, **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 9, 2026